THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAHSHONE BURNETT,            )
                             )
         Movant,             )
                             )
    vs.                      )   Case No. 17 C 374
                             )
UNITED STATES OF AMERICA,    )
                             )
         Respondent.         )

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Rahshone Burnett was indicted on several charges related to heroin dealing in December 2009, convicted by a jury before Judge Gettleman in February 2013, and sentenced by Judge Gettleman on August 26, 2013. *See United States v. Burnett*, No. 09 C 1030 (N.D. Ill.). While that case was pending, Burnett was separately indicted on charges of mail and wire fraud before this Court. He was indicted in August 2011, pled guilty in March 2013, and was sentenced on August 13, 2013—in other words, prior to the sentencing by Judge Gettleman on the narcotics case. *See United States v. Burnett*, No. 11 C 571 (N.D. Ill.). In each proceeding, Burnett received a prison sentence. Judge Gettleman ordered the sentence he imposed to run consecutively to the one this Court had imposed.

Burnett has moved under 28 U.S.C. § 2255 to vacate the sentence imposed by this Court. He argues his attorney rendered ineffective assistance of counsel during plea bargaining and sentencing. (A separate motion to vacate is pending before Judge Gettleman for the sentence arising from the narcotics case. *Burnett v. United States*,

1

No. 17 C 373 (N.D. Ill. filed Jan. 17, 2017).) The Court denies Burnett's motion for the reasons described below.

## Background

In 2006, Burnett was appointed guardian for the surviving children of his late sister, who died in a fire in a Chicago Housing Authority building. The claim arising from the fire was settled for $5.75 million, and the minors were designated as beneficiaries. As guardian, Burnett had access to the settlement funds, which he misappropriated in a variety of ways: he purchased real estate, jewelry, a Bentley, and a Mercedes-Benz. Burnett also used some of the funds to purchase heroin and a house for drug trafficking. He concealed his wrongdoing from the state probate court.

In September 2009, law enforcement obtained video of Burnett preparing and packaging heroin for sale. One of Burnett's associates sold sixty packets to an undercover officer. Burnett was indicted and tried by a jury before Judge Gettleman on multiple charges relating to this conduct. In February 2013, the jury acquitted Burnett of two charges—conspiracy and use of a communication facility to further a conspiracy—and convicted him of two counts of possession of heroin with intent to distribute. Judge Gettleman later sentenced Burnett to a prison term of 135 months, within the advisory Guidelines range of 135 to 168 months.

In August 2011, Burnett was indicted on three counts of mail fraud, 18 U.S.C. § 1341, and two counts of wire fraud, 18 U.S.C. § 1343, based upon his misuse of the settlement funds. He pled guilty before this Court in March 2013. Burnett received two enhancements under the Sentencing Guidelines: a vulnerable victim enhancement and

2

an abuse-of-a-position-of-trust enhancement. The Court imposed a within-range sentence, a prison term of 90 months.

Burnett asks this Court to vacate his sentence on the ground that he received ineffective assistance of counsel. First, Burnett alleges that, during sentencing, counsel failed to call witnesses who would offer testimony against the application of the "vulnerable victim" enhancement.[1] He next contends that, during sentencing, counsel did not introduce evidence linking the conduct at issue in his guilty plea to the conduct at issue in the drug case, which he alleges would have led the Court to order his fraud sentence to run concurrently with the sentence that Judge Gettleman, at that point, had not yet imposed. Finally, Burnett argues that, during plea negotiations, counsel failed to pursue a plea agreement that would cover both the fraud and drug cases. He also requests an evidentiary hearing on his motion.

## Discussion

A defendant in federal custody moving to vacate his or her sentence must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Burnett contends that his sentence should be vacated because his attorney's assistance was so ineffective as to violate the Sixth Amendment. Mot. to Vacate at 4-5.

To demonstrate that he received ineffective assistance of counsel during sentencing, Burnett must show (1) an objectively serious error by his counsel and (2)

---

[1] Burnett also mentions an "intimidation factor[]" in his motion, though it is unclear what he means by this. Mot. to Vacate at 4.

3

prejudice caused by that error.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Specifically, Burnett must show that his attorney's performance was "objectively deficient," such that it "fell outside the wide range of competent representation."  *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011).  Second, Burnett must demonstrate that his attorney's error prejudiced him.  *Strickland,* 466 U.S. at 687.  Prejudice exists if he demonstrates that, but for his attorney's alleged error, there is a "reasonable probability" that he would have received a shorter sentence.  *Jones*, 635 F.3d at 915-16.  In the plea bargaining context, prejudice exists if the petitioner demonstrates that, but for his attorney's error, he would have gone to trial, rather than plead guilty.  *Bethel v. United States*, 458 F.3d 711, 720 (7th Cir. 2006).

Burnett first claims that his attorney rendered ineffective assistance when he failed to call witnesses at the sentencing hearing to offer evidence against the application of the vulnerable victim enhancement.  Mot. to Vacate at 4-5.  Under the Guidelines, a court must increase the offense level by two levels if "the defendant knew . . . that a victim of the offense was a vulnerable victim."  U.S.S.G. § 3A1.1(b)(1).  A vulnerable victim is one who is (1) a victim of the offense and (2) "unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct."  *Id.* § 3A1.1 cmt. 2.  Burnett argues his attorney should have presented witnesses who would testify that he "in fact made substantial payments to [the minors] from the Estate for their benefit."  Mot. to Vacate at 4-5.

As the government argues, Burnett's arguments regarding both elements of *Strickland*—deficient performance and prejudice—fail for the same reason:  the anticipated testimony that Burnett identifies would have no bearing on whether the

4

vulnerable victim enhancement applies. Resp. to Mot. to Vacate at 6-7. Burnett misappropriated funds from minors, and that was sufficient to warrant application of the Guidelines enhancement. The fact that some or all of the minors may have benefitted from other funds that he did not misappropriate is of no consequence. For these reasons, Burnett's first ineffective assistance claim lacks merit.

Next, Burnett argues that his attorney rendered ineffective assistance by failing to link his fraudulent conduct with the conduct underlying his convictions for drug possession and distribution. Mot. to Vacate at 5. Burnett contends that his attorney should have tried harder to demonstrate that the funds he embezzled from his minor wards were spent on heroin trafficking, as he alleges that this would establish that "these two cases are substantially related and, as a result, that concurrent sentencing was appropriate." Reply at 2.

The first problem with this argument is that the determination of whether Burnett's sentences on his two cases should be concurrent or consecutive was not up to this Court. This Court sentenced Burnett first, before his sentencing on his narcotics case. Thus there was no other sentence in existence at the time with respect to which this Court could have made its sentence concurrent. And any views the Court hypothetically might have expressed on that point would not have been binding on Judge Gettleman when he later sentenced Burnett in the narcotics case, as Judge Gettleman, the second sentencing judge, was entitled to make his own decision on this point. This argument is better made in a motion challenging the sentence in the narcotics case—though the Court expresses no view on the merits of the issue. As far as the present case is concerned, Burnett suffered no prejudice.

That aside, the failure of Burnett's attorney to press this argument was not objectively deficient. Had the attorney introduced evidence that Burnett used the minors' funds to purchase drugs, the Court reasonably might have viewed it as aggravating. Resp. to Mot. to Vacate at 10. Thus a reasonable strategic decision could be made not to raise this issue. Moreover, evidence showing the use of settlement funds to make drug purchases would have increased the loss amount for purposes of the fraud conviction, thus potentially increasing the Guidelines offense level and the likely sentence. *Id.* In sum, counsel's decision not to offer more of this evidence surely falls within the "wide range of competent representation." *Jones*, 635 F.3d at 915.

Finally, Burnett argues that his attorney rendered ineffective assistance by failing to seek a single plea agreement covering both the drug and fraud cases. Mot. to Vacate at 5; Reply at 3-4. Burnett cannot show that he was prejudiced by this alleged error. To demonstrate prejudice from ineffective assistance in the plea bargaining context, a defendant "must show that he would not have pled guilty and would have insisted on going to trial. Whether he could have negotiated a better plea deal is irrelevant to the issue of prejudice in the ineffective assistance context." *Bethel*, 458 F.3d at 720. Burnett does not contend that, but for his attorney's advice regarding the plea agreement, he would have gone to trial on the fraud charges. Rather, he argues that the attorney's failure to seek a global plea deal subjected him to consecutive sentences—in other words, he missed out on a better deal. Mot. to Vacate at 5; Reply at 3-4. This is precisely the type of prejudice argument that *Bethel* disallows.

6

Finally, because "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief," the Court denies Burnett an evidentiary hearing. *Koons v. United States*, 639 F.3d 348, 354-55 (7th Cir. 2011).

## Conclusion

For the reasons stated above, the Court directs the Clerk to enter judgment denying Rahshone Burnett's motion under 28 U.S.C. § 2255. The Court declines to issue a certificate of appealability, because the Court can find nothing to suggest that the merits of the claims that were rejected are debatable, capable of different resolution, or deserving of further consideration. *See* 28 U.S.C. §2253(c)(2); *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983); *Porter v. Gramley*, 112 F.3d 1308, 1312 (7th Cir. 1997).

                                                                                    _____
                                                                                    MATTHEW F. KENNELLY
                                                                                    United States District Judge

Date: December 18, 2017